ORIGINAL

1   Tammy Hussin, Esq. (Bar No. 155290)
2   Lemberg & Associates, LLC
3   6404 Merlin Drive
    Carlsbad, CA 92011
4   Telephone (855) 301-2100 ext. 5514
    thussin@lemberglaw.com
5
6   Lemberg & Associates, LLC
    1100 Summer Street
7   Stamford, CT  06905
8   Telephone:  (203) 653-2250
    Facsimile:  (203) 653-3424
9
10  Attorneys for Plaintiff,
    Arthur Reed
11
12

**FILED**
AUG 2 0 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

13              UNITED STATES DISTRICT COURT
14            NORTHERN DISTRICT OF CALIFORNIA
15

16  Arthur Reed,                      Case No.: **C13-3855**
17              Plaintiff,            **COMPLAINT FOR DAMAGES**
                                       **1. VIOLATION OF FAIR DEBT**
18       vs.                          **COLLECTION PRACTICES ACT,**
                                       **15 U.S.C. § 1692 *ET. SEQ.*;**
19                                     **2. VIOLATION OF FAIR DEBT**
    Chase Receivables, Inc.; and DOES 1-10,   **COLLECTION PRATICES ACT,**
20  inclusive,                        **CAL.CIV.CODE § 1788 *ET. SEQ.***
                                       **3. VIOLATION OF TELEPHONE**
21              Defendants.           **CONSUMER PROTECTION ACT,**
                                       **47 U.S.C. § 227, *ET. SEQ.***
22
                                       **JURY TRIAL DEMANDED**
23
24
25
26
27
28
                                       COMPLAINT FOR DAMAGES

For this Complaint, the Plaintiff, Arthur Reed, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* ("TCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4.      The Plaintiff, Arthur Reed (hereafter "Plaintiff"), is an adult individual residing in Fulton, Missouri, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and is a "person" as defined by 47 U.S.C. § 153(10).

5.      Defendant Chase Receivables, Inc. ("Chase Receivables"), is a California business entity with an address of 951 California Boulevard, Napa, California 94559, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and is a "person" as defined by 47 U.S.C. § 153(10).

COMPLAINT FOR DAMAGES

6. Does 1-10 (the "Collectors") are individual collectors employed by Chase Receivables and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Chase Receivables at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.   The Debt**

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to a creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Chase Receivables for collection, or Chase Receivables was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.   The Facts**

12. Within the last year, Chase Receivables contacted Plaintiff in an attempt to collect the Debt.

COMPLAINT FOR DAMAGES

13.     Plaintiff believes and hereon alleges that the Debt is past the applicable statute of limitations.

14.     Chase Receivables threatened to take a legal action against Plaintiff if the Debt was not paid immediately. Chase Receivables had no legal authority or ability to file a lawsuit against Plaintiff since the Debt is no longer legally enforceable.

15.     On or around June 13, 2013, Chase Receivables called Plaintiff at 8:55 P.M. and woke Plaintiff up. The call angered Plaintiff. Out of frustration, Plaintiff stated that he would report Chase Receivables to Better Business Bureau, to which Chase Receivables responded "F*ck you!" This caused Plaintiff to feel oppressed and humiliated.

16.     Chase Receivables failed to inform Plaintiff of his rights in writing within five days after the initial contact, including Plaintiff's right to dispute the Debt.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

17.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18.     The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

19.     The Defendants used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

20.     The Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

21.     The Defendants misrepresented the character and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

22.     The Defendants threatened to take action without legal ability to do so or without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

23.     The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

24.     The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

25.     The Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law, in violation of 15 U.S.C. § 1692g(a).

26.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

27.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

1

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION
## PRACTICES ACT, Cal. Civ. Code § 1788 *et seq.*

28.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29.     The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 *et seq.* ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

30.     Chase Receivables, Inc., in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

31.     The Defendants used obscene and profane language when speaking with the Plaintiff, in violation of Cal. Civ. Code § 1788.11(a).

32.     The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.13(e).

33.     The Defendants falsely represented that a legal proceeding had been or was about to be instituted unless the debt was paid immediately, in violation of Cal. Civ. Code § 1788.13(j).

34.     The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

35.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT III
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
### 47 U.S.C. § 227, et seq.

36. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. At all times mentioned herein, Chase Receivables called Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS") and/or by using a prerecorded or artificial message on a cellular telephone of 47 U.S.C. § 227(b)(1)(A)(iii).

38. Chase Receivables' ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator Plaintiff never provided express consent to Defendant to be contacted on his cellular telephone.

39. Plaintiff never provided his cellular telephone to Chase Receivables and never provided his consent to Chase Receivables to be contacted on his cellular telephone.

40. Plaintiff never provided express consent to the Creditor to contact him on his cellular telephone number.

41. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

42. Each of the aforementioned calls made by Defendant constitutes a violation of the TCPA.

43.    As a result of each of Defendant's negligent violations of the TCPA,

Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in

violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

44.    As a result of each of Defendant's knowing and/or willful violations of

the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to

$1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. §

227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the

Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the

Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A)

against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C.

§ 1692k(a)(3) against the Defendants;

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 for knowingly and willfully committing

violations pursuant to Cal. Civ. Code § 1788.30(b);

COMPLAINT FOR DAMAGES

F. Statutory and/or treble damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

G. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

H. Punitive damages; and

I. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

DATED:  August 15, 2013                    TAMMY HUSSIN


By:   /s/  Tammy Hussin
Tammy Hussin, Esq.
Lemberg & Associates, LLC
Attorney for Plaintiff Arthur Reed